UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE OF INDIANA EX REL. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| ANDREWS CONSTRUCTION COMPANY, ) | |
| LLC, SCOTT ANDREWS, HUFFER ) | |
| CONSTRUCTION CO., INC., and STUART ) | |
| HUFFER, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

1. The plaintiff, Attorney General Curtis T. Hill, Jr., as *parens patriae* for the residents of the State of Indiana and on behalf of the State of Indiana in its sovereign capacity, institutes this action for injunctive and other equitable relief against Andrews Construction Company, LLC and Scott Andrews ("Andrews"), and Huffer Construction Co., Inc., and Stuart Huffer ("Huffer"), alleging that the defendants violated 15 U.S.C. § 1 and Ind. Code 24-1-2-1 *et seq.* by engaging in an unlawful scheme, contract, combination and conspiracy to restrict bidding for a contract for commercial buildout work.

**II. JURISDICTION AND VENUE**

2. The Court has original jurisdiction for this cause of action pursuant to 28 U.S.C. §§ 1331 and 1337.

3. The Court has supplemental jurisdiction over the subject matter of the second claim for relief pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court, Southern District of Indiana, under 15 U.S.C. § 22 and 28 U.S.C. § 1391.

### III. INTERSTATE COMMERCE

5. The parties participate in interstate commerce or in activities substantially affecting interstate commerce.

### IV. PARTIES

6. The plaintiff, the Attorney General of the State of Indiana, is authorized to bring this action and to seek injunctive relief pursuant to 15 U.S.C. § 26 and Ind. Code § 24-1-2-5.

7. At all times relevant to this Complaint, the defendant Andrews Construction Company, LLC was an Indiana limited liability company with a principal office at 8888 Keystone Crossing, Ste. 520, Indianapolis, Indiana 46240.

8. At all times relevant to this Complaint, the defendant Scott Andrews was the principal of Andrews Construction Company, LLC, was active in its management and operation, and controlled and directed its affairs.

9. At all times relevant to this Complaint, the defendant Huffer Construction Co., Inc. was an Indiana for-profit corporation with a principal office at 5860 E 25th St #E, Indianapolis, Indiana 46218.

10. At all times relevant to this Complaint, the defendant Stuart Huffer was the principal of Huffer Construction Co., Inc., was active in its management and operation, and controlled and directed its affairs

## V. FACTUAL ALLEGATIONS

11. At all times relevant to this Complaint, all defendants were engaged in the business of contracting for construction jobs, including jobs for the build-out of commercial real estate.

12. Lessees renting commercial real estate often require adjustments to the interior space, or "build-out," in order to fit the space to their purposes.

13. On or about September 7, 2017, the defendants entered a combination and conspiracy to restrict bidding for a commercial build-out job for an Indiana corporation, The Great States Corporation, d/b/a American Lawn Mower Co. ("ALMC").

14. ALMC distributes and sells lawn and garden tools to customers throughout the United States and formerly maintained its principal corporate offices in Shelbyville, Indiana.

15. In 2017, ALMC leased a commercial space at 7444 Shadeland Station Way, Indianapolis, Indiana 46256 to serve as its new principal office. ALMC required build-out services in order to use this commercial space, and ALMC solicited bids for this build-out job through a commercial real estate broker.

16. On or about the morning of September 7, 2017, the defendants attended a walkthrough of the jobsite at 7444 Shadeland Station Way, Indianapolis, Indiana 46256 arranged by a commercial real estate broker in order to assess the job.

17. Following the walkthrough and before leaving the jobsite, the defendants had a discussion about the ALMC job in which Andrews offered to pay

Huffer in exchange for the latter's agreeing to submit a bid in an amount higher than Andrews'. Huffer accepted Andrews' offer.

      18.    On or about September 7, 2017, Andrews directed his employee to include $2,000 in a bid quote being prepared for the ALMC job in order to get Huffer to back out of the job. Andrews also told that employee that they needed to get their bid quote for the ALMC job to Huffer prior to submitting it to the real estate broker so that Huffer would have sufficient time "to fluff his number."

      19.    On or about September 8, 2017, Andrews sent an email to Huffer containing a draft bid quote for the purpose of ensuring that Huffer's bid for the ALMC job would be at an amount above Andrews' bid.

      20.    The draft bid quote for Andrews that was shared with Huffer reflected a total job price of $162,950.

      21.    The September 8, 2017, email indicated that Andrews' bid included $2,000 to cover a payment in the same amount to Huffer for the latter's agreeing not to bid competitively.

      22.    On or about September 11, 2017, Andrews submitted a bid quote to ALMC's real estate broker reflecting a total price of $162,950.

      23.    On or about September 13, 2017, Huffer submitted a bid quote to ALMC's real estate broker reflecting a total price of $183,615.

      24.    Andrews won the bidding for the ALMC job and substantially completed work for the job by December of 2017.

25. On or about December 22, 2017, Andrews made a payment by check in the amount of $2,000 to Huffer for the purpose of compensating the latter's agreement not to bid competitively.

26. At all times relevant to this Complaint, Defendants were and are competitors for the provision of construction services.

27. The Defendants' agreement deprived ALMC of the benefits of competition.

28. The Defendants' willingness to enter such agreements threatens injury to the economy of Indiana and the welfare of her citizens if not redressed and restrained.

## VI. FIRST CLAIM FOR RELIEF:
## VIOLATIONS OF SECTION 1 OF THE SHERMAN ACT

29. The Attorney General incorporates herein by reference all preceding paragraphs as if fully set forth herein.

30. The defendants entered an agreement to restrict bidding in the letting of a contract for construction services.

31. That agreement constituted a contract, combination, or conspiracy within the meaning of the Sherman Act.

32. The provision of construction services involved trade or commerce within the meaning of the Sherman Act.

33. The defendants' agreement constituted an unreasonable restraint of trade in violation of the Sherman Act, 15 U.S.C. § 1.

## VII. SECOND CLAIM FOR RELIEF:
## VIOLATIONS OF IND. CODE 24-1-2-1

34. The Attorney General incorporates herein by reference all preceding paragraphs as if fully set forth herein.

35. The defendants entered an agreement to restrict bidding in the letting of a contract for construction services.

36. That agreement constituted a scheme, contract, or combination within the meaning of Ind. Code § 24-1-2-1.

37. The provision of construction services involved trade or commerce within the meaning of Ind. Code § 24-1-2-1.

38. The defendants' agreement constituted an unreasonable restraint of trade in violation of Ind. Code § 24-1-2-1.

## VIII. DEMAND FOR RELIEF

WHEREFORE, the Attorney General requests this Court to enter judgment against the defendants, Andrews Construction Company, LLC and Scott Andrews, and Huffer Construction Co., Inc., and Stuart Huffer, and to do the following:

a. Adjudge and decree that the defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1.

b. Adjudge and decree that the defendants violated Ind. Code § 24-1-2-1.

c. Enjoin and restrain each defendant from adopting any future agreement, scheme, contract, or combination having a similar purpose or effect as the anticompetitive actions set forth above.

d. Award to the State of Indiana equitable disgorgement.

e. Award to the State of Indiana costs of the action and reasonable attorney fees, pursuant to 15 U.S.C. § 26; and

f. Award to the State of Indiana any other just and proper equitable relief.

        Respectfully submitted,

        **Curtis T. Hill, Jr.**
        Attorney General of Indiana
        Atty. No. 13999-20

By:   Matthew Michaloski
       Deputy Attorney General
       Atty. No. 35313-49
       Office of the Attorney General
       302 West Washington Street
       IGCS - 5th Floor
       Indianapolis, IN 46204
       Telephone: (317) 234-1479
       Fax: (317) 232-7979
       Matthew.Michaloski@atg.in.gov